Robert LEWIS, Appellant,

v.

Howard YEAGER, Principal Keeper of the New Jersey State Prison.

No. 17347.

United States Court of Appeals Third Circuit.

Submitted April 11, 1969.

Decided May 27, 1969.

Robert Lewis, pro se, appellant.

John J. Jehl, Asst. Prosecutor, Camden County, Camden, N. J., for appellee (A. Donald Bigley, Camden County Prosecutor, on the brief).

Before HASTIE, Chief Judge, and KALODNER and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

A state prisoner who is incarcerated for rape and other offenses has taken this appeal from an order of the district court denying him a writ of habeas corpus.

The appellant invokes the doctrine of Bruton v. United States, 1968, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, where the introduction of an incriminating extrajudicial statement of a co-defendant into evidence was held to be fundamentally unfair despite an accurate instruction to the jury specifying the limited purpose for which it could properly make use of the statement. However, the *Bruton* case is inapplicable to the facts of this case.

At the trial the appellant himself called as a witness in his defense an alleged confederate who thereupon gave testimony tending to exculpate the appellant. The prosecution was then permitted to impeach the witness by introducing into evidence his prior inconsistent statement incriminating the appellant. The court accurately instructed the jury concerning the limited permissible use of this statement for impeachment purposes. Since the appellant himself had created the occasion for the use of the incriminating prior statement of the alleged confederate and the appellant was permitted to cross-examine the witness about that statement, this case presents no such unfairness as was present in the *Bruton* case. *Cf.* United States v. Daniels, 6th Cir. 1967, 377 F.2d 255.

We find no merit in any other contention of the appellant.

The judgment will be affirmed.